[Civ. No. 930.   Second Appellate District.—February 14, 1911.]

ANDREW E. BROADBENT, Appellant, v. JOHN M. KEITH, Respondent.

ELECTION CONTEST—PREMATURE STATEMENT—SUBSEQUENT PROPER STATEMENT—CITATION FOR HEARING ON NEW STATEMENT—IMPROPER DISMISSAL.—Where a first statement of contest of an election for the office of city marshal was filed prematurely one day before the final result of the election was officially declared, and a second statement, sufficient in form, was filed ten days after the result was declared, and the only citation for hearing was based on the second statement, the court erred at the hearing in granting a motion to dismiss the contest on the ground that the original statement of contest was prematurely filed.

ID.—POSITION OF SUPERIOR COURT—ACTION UNDER PROPER STATEMENT. The superior court, when the matter of the contest came on for hearing, was then acting under a statement of contest sufficient in form filed by an elector having the right to institute a contest and was not acting under any statement prematurely filed.

ID.—PREMATURE STATEMENT TO BE DISREGARDED.—The statement filed before the result of the election had been declared should be disregarded altogether, as no action had been taken thereunder.

ID.—DUTY OF RESPONDENT.—When respondent was brought into court to make answer to the contest, he was required to appear and make answer to the statement upon which the order of the court and the citation were solely based at the time fixed by the court's orders.

APPEAL from a judgment of the Superior Court of Imperial County dismissing an election contest. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

George H. P. Shaw, for Respondent.

JAMES, J.—Plaintiff, as an elector of the city of Imperial, on April 15, 1910, filed with the county clerk of Imperial county a verified statement by which he sought to institute a proceeding to contest the election of defendant as marshal of said city. No citation was issued upon this statement or

complaint, but on April 26, 1910, plaintiff filed a new verified statement setting forth grounds of contest, and upon May 17, 1910, a citation was issued thereon requiring respondent to appear in the superior court on the third day of June and make answer. At the time set for hearing respondent appeared and moved the court to dismiss the proceedings on the ground that at the time the first statement of contest was filed the board of trustees of the city of Imperial had not declared the result of the canvass of the votes for the office of city marshal. In support of this motion affidavits were filed showing that the result of the city election was formally declared by the canvassing board on the sixteenth day of April, 1910, or one day after the day when the first statement or complaint was filed. The superior court granted the motion and a judgment of dismissal was entered, from which an appeal has been taken.

A proceeding to contest the right of a person to an office is a special proceeding governed by those sections of the Code of Civil Procedure found in title II, part III, thereof. Section 1115 provides that when an elector contests the right of any person declared elected to an office, he must ''file with the county clerk a written statement'' setting forth certain facts, which statement ''must be filed within thirty days after the declaration of the result of the election by the body canvassing the returns thereof.'' It is provided by section 1118 of the same code that within five days after the end of the time allowed for filing such statements (of contest) the county clerk must notify the superior court thereof, and that the court shall order a special session to be held on some day, not less than ten nor more than twenty days from the date of its order, at which session a hearing on the merits of the contest shall be had. Section 1119 provides that a citation shall be issued by the clerk requiring the person whose right to the office is contested, to appear at the time and place specified by the order of court for the hearing. Section 1122 then provides as follows: ''The court must be governed, in the trial and determination of such contested election, by the rules of law and evidence governing the determination of questions of law and fact, so far as the same may be applicable; and may dismiss the proceedings if the statement of the cause or causes of the contest is insufficient, or for want

of prosecution. After hearing the proofs and allegations of the parties, the court must pronounce judgment in the premises, either confirming or annulling and setting aside such election.'' It is conceded that the second verified statement of contest as filed by plaintiff was sufficient in form and filed within the required time after the canvassing board had officially declared the result of the election. The order of the court for the hearing of the contest, and the citation issued by the clerk pursuant thereto, were both based upon the second verified statement filed by plaintiff, and not upon the first statement which had been prematurely filed. While in the minutes of the clerk, on the register of actions, the second statement was denominated an ''amended complaint,'' that statement as set out in the bill of exceptions seems not to be so characterized either by title or in substance. So that the superior court, when the matter of contest came on for hearing, was then acting upon a statement of contest sufficient in form, filed by an elector having a right to institute such a contest. It is not contended that the same person may not file separate statements of contest, nor that in the event he has filed one statement either insufficient in form or premature in point of time, that he may not file another. In our opinion, the statement filed by the plaintiff on April 15, 1910, may be disregarded altogether. As before noted, no action of the court was taken based upon this first statement, and when respondent was brought into court to make answer to the contest, it was upon an order made by the court and a citation based solely upon the statement as filed on April 26, 1910. To this statement respondent was required to appear and make opposition thereto at the time fixed by the court's order. It was not a case authorizing the court to enter a judgment of dismissal by reason of the causes of contest being insufficient, as is provided may be done by section 1122 of the Code of Civil Procedure, and it is not pretended that the action was dismissed because of any defects of that kind.

The judgment is reversed.

Allen, P. J., and Shaw, J., concurred.